**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TIFFANY K. ALLEN** | **CIVIL ACTION** |
| **VERSUS** | |
| **EMPIRE INDEMNITY INSURANCE COMPANY** | **NO. 09-810-D-M2** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, November 30, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFANY K. ALLEN** | **CIVIL ACTION** |
| **VERSUS** | |
| **EMPIRE INDEMNITY INSURANCE COMPANY** | **NO. 09-810-D-M2** |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Remand (R. Doc. 5) filed by plaintiff, Tiffany K. Allen ("Allen"). Defendant, Empire Indemnity Insurance Company ("Empire"), has not filed an opposition to Allen's motion.

## FACTS & PROCEDURAL BACKGROUND

Allen filed this suit against Empire in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, on August 31, 2009, in relation to damages she allegedly sustained to her home during Hurricane Gustav. She contends that she sent satisfactory proof of loss to Empire on January 4, 2009, and that the amount of damages owed to her by Empire under her contract of insurance is $43,216.85. She also seeks statutory penalties under La. R.S. 22:658 and La. R.S. 22:1220 for Empire's alleged failure to timely pay on her claim. She specifically prays for a trial by jury in her state court petition. Finally, she contends that Empire's failure to "fairly and promptly adjust" the full extent of her claim has caused damages to her in the form of "additional living expenses, additional damages and deterioration to the property, additional time delays associated with repairing the[ ] dwelling, attorneys fees, grief and mental anguish over dealing with an insurance claim and worry over whether or not they would have the funds necessary to repair the[ ] home, and

1

associated damages caused by Empire."

On September 29, 2009, Empire removed Allen's suit to this Court on the basis of diversity jurisdiction. Allen has now filed the present motion seeking to have her suit remanded to state court on the ground that the amount of damages she is seeking is less than $75,000.00, exclusive of interest and costs.

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. It is undisputed that the parties in this matter are citizens of different states; thus, the only issue before the Court relative to Allen's present motion is whether the requisite amount is in controversy for purposes of diversity jurisdiction. In cases removed to federal court on the basis of diversity, the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, and it may make that showing in either of two (2) ways: (1) by demonstrating that it is "facially apparent" from the petition that the claims are likely to exceed $75,000.00, or (2) "by setting forth facts in controversy - preferably in the removal petition, but sometimes by affidavit - that support a finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999), citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).[1]

---

[1] If it is not "facially apparent" from the petition that the requisite jurisdictional amount is in controversy, the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide*

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to its pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995). If, however, the amount in controversy remains ambiguous after considering the facts and evidence presented by the defendant, the Court may consider a post-removal stipulation filed by the plaintiff designed to clarify the ambiguity by determining the amount that was in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)

Looking solely at the allegations in Allen's petition, it is facially apparent that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. As mentioned above, the amount that Allen alleges is owed to her under her insurance policy is $43,216.85. She also seeks penalties pursuant to La. R.S. 22:658 and La. R.S. 22:1220. La. R.S. 22:1220 (now La. R.S. 22:1973) provides that, in addition to any general or special damages to which a claimant is entitled for an insurer's breach of the duty under that statute to adjust claims fairly and promptly and to make a reasonable effort to settle claims, a claimant may be awarded penalties assessed against the insurer in an amount

---

*Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

not to exceed two (2) times the damages sustained or five thousand dollars, whichever is greater.  La. R.S. 22:1220.  Thus, it is conceivable, based upon the allegations in Allen's petition, that she could receive up to $86,433.70 in penalties pursuant to R.S. 22:1220 alone, without even considering the damages allegedly owed to her under her policy of insurance and any penalties claimed under R.S. 22:658.  Moreover, when the Court considers the other damages claimed by Allen in her petition (*i.e.*, "additional living expenses, additional damages and deterioration to the property, additional time delays associated with repairing the[ ] dwelling, attorney's fees, grief and mental anguish over dealing with an insurance claim and worry over whether or not they would have the funds necessary to repair the[ ] home, and associated damages caused by Empire"), it becomes further apparent that more than $75,000.00 is in controversy in this matter.

      Although Empire did not file an opposition to the present motion, it carried its burden of proof upon removal by setting forth facts within the removal notice indicating that it is "facially apparent" from Allen's petition that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.  The burden therefore shifts to the plaintiff to prove, to a legal certainty, that she will be unable to recover the jurisdictional minimum in this suit, which, as discussed above, she can do by:  (1) showing state procedural rules binding her to her pleadings; or (2) filing a binding stipulation or affidavit to that effect with the complaint.  Allen has done neither.  The only stipulation filed by Allen was submitted post-removal on October 23, 2009.  Such post-removal stipulation cannot be considered because Empire carried its burden of proof upon removal, and the amount

in controversy is not ambiguous after considering the face of the petition.[3]  Accordingly, because it is facially apparent from the petition that the jurisdictional minimum is in controversy and Allen has not demonstrated to a legal certainty that she will be unable to recover the jurisdictional minimum in this matter, Allen's present motion to remand should be denied.[4]

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 5) filed by plaintiff, Tiffany K. Allen, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, November 30, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3]  *See, Guillory v. Chevron Stations, Inc.*, 2004 WL 1661201 (E.D. La. 2004)(Given that the amount in controversy was not facially apparent from the complaint and the defendant's inability to show by a preponderance of the evidence that more than $75,000.00 was in controversy, the court credited the plaintiff's post-removal affidavit); *Easley v. Pace Concerts*, 1999 WL 649632 (E.D. La. 1999)(similarly crediting a plaintiff's stipulation that damages did not meet the jurisdictional minimum for diversity); *De Aguilar v. Boeing Co. [De Aguilar II]*, 47 F.3d 1404, 1406 (5th Cir. 1995)("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"); *Jackson v. Markel American Insurance Co.*, 1998 WL 527230 (N.D. Miss. 1998)(Where the court found it doubtful, based upon the face of the complaint and the evidence presented by the defendant, that the plaintiff would recover in excess of $75,000.00, the court held that it was appropriate to consider the plaintiff's affidavits and statement of intent to recover below the federal jurisdictional minimum).

[4] While Allen may not ultimately recover in excess of $75,000.00, that is not the pivotal issue in deciding her motion to remand.  The pivotal issue is whether she alleged facts in her petition placing in controversy an amount exceeding $75,000.00, which she has done.